# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LASHANNON WASHINGTON,**

    *Plaintiff*,

    v.

**CLARITY SERVICES, INC.,**

    *Defendant*.

Case Number:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Lashannon Washington ("Ms. Washington"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity"), stating as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Ms. Washington against Clarity for violations under the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3.    Clarity is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and Fed. R. Civ. P. 4(k).

4.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because the acts complained of were committed and / or caused by the Defendant within Polk County, Florida, which is in the Middle District of Florida.

## PARTIES

### Ms. Lashannon Washington

5.     Ms. Washington is a natural person, and at all times relevant, resided in the City of Lakeland, Polk County, Florida.

6.     Ms. Washington is a *consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity Services, Inc.

7.     Clarity is a Delaware corporation with a principal business address of 475 Anton Blvd., Costa Mesa, CA 92626.

8.     Clarity is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

9.     Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

10.    Clarity is a subsidiary of Experian Holdings, Inc.

## FACTUAL ALLEGATIONS

### Clarity Produces Clearly Erroneous Report on Plaintiff

11.    Ms. Washington was born in 1985 and had lived in Lakeland, Florida since at least 2017.

12.    Around September 2017, Clarity began maintaining a credit file regarding Ms. Washington.

13.    Around November 25, 2019, Clarity began incorporating credit information belonging to a separate unrelated consumer, within Ms. Washington's credit file.

14.    Around November 25, 2019, Clarity incorporated information belonging to a "Felix Shoon of Hollywood, FL" into Ms. Washington's credit file.

15.    Additionally, around January 7, 2020, Clarity began incorporating credit information belonging to a third separate and unrelated consumer, within Ms. Washington's credit file.

16.     Around January 7, 2020, Clarity incorporated information belonging to a "Layla Hatch of Lakeland, FL" with Ms. Washington's Credit file.

17.     Clarity's credit file on Ms. Washington includes the following inaccurate information: date of birth, driver's license number, address, work phone number, bank account, employer, and email address[1]. *See* **PLAINTIFF'S EXHIBIT A.**

18.     Starting on November 25, 2019, Ms. Washington's Clarity credit file started listing her email address as being, "FelXXXXXXXXXXXXXXXX.com," a Florida Driver's License number ender in 0620, and a telephone numbers with 305 and 321 area codes.[2]

19.     Ms. Washington contends the information listed in paragraph 18 of this complaint have never been used by or associated with her.

20.     Ms. Washington has never applied for credit using the name "Felix Shoon," "Layla Hatch," or any name other than her own legal name.

21.     Likewise, Ms. Washington was not, and has never claimed to have to have lived in Hollywood, FL.

---

[1] The personal information provided has been redacted from this Complaint in compliance with Fed. R. Civ. P. 5.2 and the United States District Court, Middle District of Florida's Administrative Procedures for Electronic Filing, and to protect personal information potentially belonging to another. "X" replaces characters that are shown in the unredacted version of Ms. Smith's Clarity Consumer Disclosure

[2] *Id.*

22.    Clarity's file on Ms. Washington is a textbook example of a "mixed file" – a credit file which contains information concerning two or more persons rather than the individual about whom it was requested.

23.    This mixed file resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers to its internal files.

24.    In a reckless attempt to match every record reported, Clarity's automated systems will erroneously match information to a consumer's credit file, even if the data contains a substantially different name, date of birth, and Social Security number.

25.    Clarity, as a CRA, has a legal obligation to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports. *15 U.S.C. § 1681e(b)*.

26.    Despite this duty, Clarity sold reports to at least fifteen potential creditors of Ms. Washington's, claiming she had also applied for credit in the past using the name "Felix Shoon." Moreover, Clarity sold reports to at least four potential creditors of Ms. Washington's, claiming she had also applied for credit in the past using the name "Layla Hatch."

27.    Clarity failed to use reasonable procedures in producing the consumer reports it sold to third-parties concerning Ms. Washington.

28.    Clarity is aware that its automated matching procedures are unreasonable, as evidenced by ample litigation regarding inaccurate mixed files.

29.    Despite such knowledge, Clarity has yet to change its systems, which often match a consumer's data with the information in its files based on one data point, such as Social Security number, instead of utilizing all of the information provided to it by an applicant.

30.    Clarity could reasonably foresee that selling reports which contained numerous pieces of data belonging to an unrelated individual would cause significant harm to Ms. Washington.

31.    Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report -- would likely cause harm to the consumer for whom the report is created.

32.    An examination of Ms. Washington's Clarity credit file indicates that on November 25, 2019 around 3:15am EST, Clarity responded to a request by the online lender, Lead Bank, for a report on Felix Shoon of Hollywood, FL, with a copy of Ms. Washington's credit report. *See* **PLAINTIFF'S EXHIBIT A.**

33.    Additionally, an examination of Ms. Washington's Clarity credit file indicates that on January 7, 2020 around 7:55pm EST, Clarity responded to a

request by the online lender, Lead Bank, for a report on Layla Hatch of Lakeland, FL, with a copy of Ms. Washington's credit report. *Id.*

34.    Furthermore, an examination of Ms. Washington's Clarity credit file indicates that on January 7, 2020 around 7:54PM EST and 7:55PM EST, Clarity responded to a request by the online lenders, FinWise Bank/OppLoans and Riverbend Cash, for reports on Layla Hatch of Lakeland, FL, with a copy of Ms. Washington's credit report. *Id.*

35.    FinWise Bank is a bank that lends through "partners," such as Opportunity Financial, LLC a/k/a OppLoans, and has been known to lend at usurious interest rates.

36.    Clarity sold over fifteen (15) reports concerning Ms. Washington in the last twenty-four (24) months which contained considerable amounts of data clearly not belonging to Ms. Washington.

37.    Clarity also sold a report containing Ms. Washington's true information to usurious lenders, who had no permissible purpose to acquire her personal data.

38.    Ms. Washington has had considerable misfortune in the past with the nationwide CRAs selling wildly-inaccurate information about her.

39.    Thus, upon learning that another CRA – Clarity – was including information belonging to an unrelated consumer on her reports, Ms. Washington became very upset, panicked, and concerned.

40.    Ms. Washington has suffered damage to her reputation, and spent time and money to correct her file and force the Defendant to comply with its statutory obligations.

41.    Ms. Washington has hired this law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

42.    Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

43.    Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of a consumer report by matching and including information concerning another consumer, Felix Shoon, on reports sold concerning Ms. Washington.

44.    Clarity's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

45.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages

of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

46.     Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Washington's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681b(a)

47.     Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

48.     Clarity violated **15 U.S.C. § 1681b(a)** when it provided reports to Lead Bank while having no reason to believe that Lead Bank had a legitimate business

need for the report or intended to use it in connection with any review of an account related to Ms. Washington, or to make any firm offer of credit, foremost because Lead Bank requested a report on Felix Shoon, a consumer in another state.

49.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

50.    Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

51.    WHEREFORE, Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Ms. Washington's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d. Such other relief that this Court deems just and proper.

## COUNT III
## CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

52.     Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

53.     Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of a consumer report by matching and including information concerning another consumer, Layla Hatch, on four (4) reports sold concerning Ms. Washington.

54.     Clarity's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

55.     Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

56.     Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Washington's actual damages and statutory

damages of $1,000 per violation ($4,000 total) pursuant to 15

U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Washington's

actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15

U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.    Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681b(a)

57.    Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully

stated herein.

58.    Clarity violated **15 U.S.C. § 1681b(a)** when it provided a report to

RiverBend Cash while having no reason to believe that Riverbend Cash had a

legitimate business need for the report or intended to use it in connection with any

review of an account related to Ms. Washington, or to make any firm offer of

credit, foremost because RiverBend Cash requested a report on Layla Hatch, a

consumer in another state.

59.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. §

1681n, for the greater of Ms. Washington's actual damages and statutory damages

of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

60.    Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

61.    WHEREFORE, Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    The greater of Ms. Washington's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

    d.    Such other relief that this Court deems just and proper.

### COUNT V
### CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681b(a)

62.    Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

63.    Clarity violated **15 U.S.C. § 1681b(a)** when it provided a report to FinWise Bank/OppLoans while having no reason to believe that FinWise

Bank/OppLoans had a legitimate business need for the report or intended to use it in connection with any review of an account related to Ms. Washington, or to make any firm offer of credit, foremost because FinWise Bank/OppLoans requested a report on Layla Hatch, a consumer in another state.

64.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

65.    Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

66.    WHEREFORE, Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    The greater of Ms. Washington's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

    d.     Such other relief that this Court deems just and proper.

## COUNT VI
## CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681b(a)

67.    Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully stated herein.

68.    Clarity violated **15 U.S.C. § 1681b(a)** when it provided a report to Lead Bank while having no reason to believe that Lead Bank had a legitimate business need for the report or intended to use it in connection with any review of an account related to Ms. Washington, or to make any firm offer of credit, foremost because Lead Bank requested a report on Layla Hatch, a consumer in another state.

69.    Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Washington's actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs.

70.    Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

71.    WHEREFORE, Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

    a.     The greater of Ms. Washington's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. §

1681n(a)(1)(A), or in the alternative, Ms. Washington's actual

damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.      Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.      Reasonable costs and attorneys' fees pursuant to pursuant to 15

U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.      Such other relief that this Court deems just and proper.

## COUNT VII
## CLARITY'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681g(a)

72.     Ms. Washington adopts and incorporates paragraphs 1 - 41 as if fully

stated herein.

73.     Clarity violated **15 U.S.C. § 1681g(a)** when it failed to provide, upon

request, clear and accurate information in the consumer's file at the time of the

request.

74.     As identified *supra*, Clarity's credit report, which it provided to Ms.

Washington, listed multiple pieces of information about two unrelated consumers

within Ms. Washington's credit file, rending it inaccurate and unclear.

75.     Clarity is thus liable to Ms. Washington, pursuant to 15 U.S.C. §

1681n, for the greater of Ms. Washington's actual damages and statutory damages

of up to $1,000 for each occurrence, as well as for punitive damages, reasonable

attorneys' fees, and costs.

76.     Alternatively, Clarity acted negligently and is thus liable to Ms. Washington, pursuant to 15 U.S.C. § 1681o, for Ms. Washington's actual damages, reasonable attorneys' fees, and costs.

77.     WHEREFORE, Ms. Washington respectfully requests this Honorable Court enter judgment against Clarity for:

a.     The greater of Ms. Washington's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), or in the alternative, Ms. Washington's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and,

d.     Such other relief that this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

Ms. Washington hereby demands a trial by jury on all issues so triable.

Respectfully submitted on April 11, 2023, by:

**SERAPH LEGAL, P. A.**

*/s/ Alexander J. Wilde*
Alexander J. Wilde, Esq.
Florida Bar No.: 1035431
AWilde@seraphlegal.com

*/s/ Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
1614 N 19th Street
Tampa, Florida 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

<u>EXHIBITS</u>
A       Ms. Washington's Clarity Statement, June 9, 2022 - Excerpts

# EXHIBIT A
## Ms. Washington's Clarity Disclosure, June 9, 2022 - Excerpts

### Clarity Report for WASHINGTON, LASHANNON

**6/9/2022**

### Consumer

Name
WASHINGTON, LASHANNON

Address
██████████████████████

LAKELAND, FL 33810

Reference Number
████████

### Notices

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. Social Security Pre-Randomization and Deceased values are derived from information maintained by the Social Security Administration.

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

**Disclaimer:** This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines.
©2009 - 2022 Clarity Services Inc. All Rights Reserved.

# EXHIBIT A
## Ms. Washington's Clarity Disclosure, June 9, 2022 - Excerpts



### Inquiries seen by others

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your name, date of birth and driver's license/state, then all those data elements came from the same inquiry.

| Date/Time/Tracking # | Purpose | Type | Company |
|---|---|---|---|
| 4/19/2022 2:13:20 pm EDT wd54dzwzpn | Credit Application | Unsecured | FinWise/AmerFirstFin |
| 12/5/2021 4:17:56 pm EST 32j2zv8c03 | Rent-to-Own | Storefront Rent-to-Own | Acima Digital |
| 12/3/2021 12:42:59 pm EST wmp5dcjeae | Rent-to-Own | Online Rent-to-Own | Snap Finance |
| 12/3/2021 6:57:50 am EST zmc091chr0 | Rent-to-Own | Online Rent-to-Own | Prog Leasing |
| 12/3/2021 6:48:47 am EST dg3g0hc7g9 | Credit Application | Secured | Great American Finance/Finance Network Inc |
| 10/18/2021 7:53:54 am EDT rnas1k70f5 | Credit Application | Online Line of Credit | CBW / CreditFresh |
| 10/18/2021 7:16:12 am EDT 6wb0c3b6s9 | Credit Application | Online Line of Credit | CBW / CreditFresh |
| 3/17/2020 4:34:51 pm EDT x9se8tw0wc | Credit Application | Online Installment Loan | Loan At Last |
| 3/17/2020 4:34:49 pm EDT 3pwvpv7pms | Credit Application | Online Payday Loan | TMG/American Web Loan |
| 3/17/2020 4:34:43 pm EDT bcsb7gcvqx | Credit Application | Online Installment Loan | National Small Loan |
| 1/7/2020 7:55:32 pm EST s68e5z34qb | Credit Application | Online Installment Loan | Riverbend Cash |
| 1/7/2020 7:55:29 pm EST p8avbkcxc9 | Credit Application | Online Installment Loan | Lead Bank |
| 1/7/2020 7:54:14 pm EST jqh6e36qsk | Credit Application | Online Installment Loan | NetCredit/Republc Bank |
| 1/7/2020 7:54:09 pm EST q2t31pvnnq | Credit Application | Online Installment Loan | FinWise Bank/OppLoans |
| 11/25/2019 3:15:57 am EST mfkbrsmzcb | Credit Application | Online Installment Loan | Lead Bank |
| 7/18/2018 3:29:40 pm EDT jzr8zy6eew | Rent-to-Own | Storefront Rent-to-Own | SmartPay Lease |
| 7/3/2018 9:15:49 pm EDT qjewbwvem0 | Rent-to-Own | Storefront Rent-to-Own | SmartPay Lease |
| 9/15/2017 10:38:40 am EDT 7wr0weedhw | Credit Application | Online Payday Loan | TMG/American Web Loan |
| 9/15/2017 10:38:21 am EDT bsk2hq2r6v | Credit Application | Online Payday Loan | National Small Loan |

### Inquiries not seen by others

Page 4 of 12

# EXHIBIT A
## Ms. Washington's Clarity Disclosure, June 9, 2022 - Excerpts

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your name, date of birth and driver's license/state, then all those data elements came from the same inquiry.

| Date/Time/Tracking # | Purpose | Company |
|---|---|---|
| ███████ | ███████ | ███████ |

## Validation

| | | | |
|---|---|---|---|
| Social Security Pre-Randomization Valid | true | OFAC Score | 30 |
| Social Security Deceased | false | OFAC Flag | false |

## Personal Information

The following information is reported to us by you, your creditors and/or other sources. Each source may report your information differently, which may result in variations of your name, address, phone number, employer, income, etc. This information is listed in no particular order and includes previously submitted information that you, your creditors and/or other sources have reported. The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your name, date of birth and driver's license/state, then all those data elements came from the same inquiry.

| Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| FELIX SHOON | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 3/17/2020 4:34:51 pm EDT x9se8tw0wc | 4 |
| ███████ | 12/5/2021 4:17:56 pm EST 32j2zv8c03 | 12/5/2021 4:17:56 pm EST 32j2zv8c03 | 1 |
| ███████ | 9/15/2017 10:38:21 am EDT bsk2hq2r6v | 4/19/2022 2:13:20 pm EDT wd54dzwzpn | 12 |
| ███████ | 10/18/2021 7:16:12 am EDT 6wb0c3b6s9 | 10/18/2021 7:16:12 am EDT 6wb0c3b6s9 | 1 |
| LAYLA HATCH | 1/7/2020 7:54:09 pm EST q2t31pvnnq | 1/7/2020 7:55:32 pm EST s68e5z34qb | 4 |

| Date Of Birth | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ███/1961 | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 3/17/2020 4:34:51 pm EDT x9se8tw0wc | 4 |

Page 5 of 12

# EXHIBIT A
## Ms. Washington's Clarity Disclosure, June 9, 2022 - Excerpts

| Date Of Birth | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ▮▮▮▮ 1985 | 9/15/2017 10:38:21 am EDT bsk2hq2r6v | 4/1/2022 5:50:04 pm EDT t853d5673k | 13 |
| ▮▮▮▮ 1985 | 1/7/2020 7:54:09 pm EST q2t31pvnnq | 1/7/2020 7:55:32 pm EST s68e5z34qb | 4 |
| ▮▮▮▮ 1986 | 4/19/2022 2:13:20 pm EDT wd54dzwzpn | 4/19/2022 2:13:20 pm EDT wd54dzwzpn | 1 |

| Driver's License Number and State | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| XXXXXXXXX5921 FL | 9/15/2017 10:38:21 am EDT bsk2hq2r6v | 12/5/2021 4:17:56 pm EST 32j2zv8c03 | 7 |
| XXXXXXXXX0620 FL | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 3/17/2020 4:34:51 pm EDT x9se8tw0wc | 4 |

## Housing Information

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your home address, housing status, and months at address, then all those data elements came from the same inquiry

| Home Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ▮▮▮▮ CARROLLTON TX 75006 | 12/3/2021 6:57:50 am EST zmc091chr0 | 12/3/2021 12:42:59 pm EST wmp5dcjeae | 2 |
| ▮▮▮▮ CARROLLTON TX 75006 | 12/3/2021 6:48:47 am EST dg3g0hc7g9 | 4/19/2022 2:13:20 pm EDT wd54dzwzpn | 4 |
| ▮▮▮▮ N LAKELAND FL 33810 | 9/15/2017 10:38:21 am EDT bsk2hq2r6v | 1/7/2020 7:55:32 pm EST s68e5z34qb | 8 |
| ▮▮▮▮ LAKELAND FL 33810 | 10/18/2021 7:16:10 am EDT jp7h7czzyp | 4/1/2022 5:50:04 pm EDT t853d5673k | 4 |
| ▮▮▮▮ HOLLYWOOD FL 33025 | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 3/17/2020 4:34:51 pm EDT x9se8tw0wc | 4 |

| Housing Status | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ███████████ | ███████████ | ███████████ | |

## EXHIBIT A
## Ms. Washington's Clarity Disclosure, June 9, 2022 - Excerpts



| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|

### Phone Information

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your cell phone number, home phone number and work phone number, then all those data elements came from the same inquiry.

| Cell Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|

| Home Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 386- | 9/15/2017 10:38:21 am EDT bsk2hq2r6v | 10/18/2021 7:53:54 am EDT rnas1k70f5 | 9 |
| 786- | 12/3/2021 6:48:47 am EST dg3g0hc7g9 | 4/19/2022 2:13:20 pm EDT wd54dzwzpn | 4 |
| 786- | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 3/17/2020 4:34:51 pm EDT x9se8tw0wc | 4 |
| 951- | 7/3/2018 9:15:49 pm EDT qjewbwvem0 | 7/18/2018 3:29:40 pm EDT jzr8zy6eew | 2 |

| Work Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 305-918-8000 | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 11/25/2019 3:15:57 am EST mfkbrsmzcb | 1 |

Page 7 of 12

# EXHIBIT A
## Ms. Washington's Clarity Disclosure, June 9, 2022 - Excerpts



| Work Phone Number | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
| --- | --- | --- | --- |
| | | | |

**Email Information**

The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your email address and cell phone number, then all those data elements came from the same inquiry.

| Email Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
| --- | --- | --- | --- |
| FELIXSHOON█████ | 11/25/2019  3:15:57 am EST █████████ | 3/17/2020  4:34:51 pm EDT ████████ | 4 |

**Employment Information**

Employment information is listed in no particular order and includes all previously submitted places of employment that you, your creditors and/or other sources have reported. The 'Tracking #' located after 'Date' and 'Time' allows you to associate the data that originated from the same inquiry. For example, when the 'Tracking #' is the same for your employer name, employer address, occupation and months at employer, then all those data elements came from the same inquiry.

| Employer Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
| --- | --- | --- | --- |
| | | | |